## WEBER CO v ROSSI, et

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 3, 1930

Nadler & Nadler, Youngstown, for Weber Co.

T. E. Antonelli, Youngstown, for Rossi et.

FARR, J.

The first assignment for error is that the trial court admitted incompetent testimony upon the trial below, and that is perhaps the principal issue here. At the time of the transactions between the Weber Company and the Rossi Brothers there was an instrument in writing which was signed by Rossi Brothers, and upon the trial below the court admitted testimony to the effect that the merchandise was not as repsented, and it was sought to justify the refusal of the same upon that ground, and it is claimed that the admission of that testimony served to contradict the terms of what is claimed to be a written contract of sale, which reads as follows:

"11-29-26.
Rossi Brothers,
Youngstown, Ohio.
641 Himrod Avenue.
Ship by express Dec. 4, 1926, Terms below. When: Dec. 4, 1926. Salesman: J. A. and L. A. Weber. Buyer: Fred Rossi. F.O.B. factory. 1 set of screens in damask and silver scroll. 1 truck bier to match. Balance, $200.00. Terms; Net $200.00.
January 4, 1927.

Signed by Rossi Brothers,
per Fred Rossi."

It is assigned for error that upon the trial below the trial court admitted testimony, so 'it is claimed, to vary the terms of the above, which is claimed to be a written contract of sale, and to sustain that proposition attention is called in behalf of plaintiff in error to the case of Crawford, et al. vs. Earl, in the 38th Wis. 312, where it is held that parol evidence may not be admitted to vary the terms of a written contract of sale, and upon the trial in that cause the trial court refused to admit oral testimony. However, an examination of the case discloses that there was a written contract, dated and setting out the name of the agent and stating the number of apple trees of different varieties that were purchased, and this is signed at the end by A. K. Earl. However, the Wisconsin case is readily distinguishable from the instant case, in that it sets out the full contract between the parties and the number of trees of each different variety, so that it

does not sustain the theory of plaintiff in error here.

Attention was also called to the case of Morris vs Southwestern Supply Company, 206 S. W., 894, where it is held in the last paragraph of the syllabus that a written order specifying the terms of sale properly signed by the parties, constitutes a written contract protected by all the rules of evidence against variance by oral testimony, but in this case there were two contracts. The first was modified by a second, which was signed between the parties, and it was a contract fully written and signed, so that it is different from the paper writing in the instant case. It only requires a reading of the order, which of course is in writing in the instant case, to determine that it is simply a memorandum of the sale by Weber & Company to the Rossi Brothers. It states what was purchased, the terms, the amount, and it is true that it is signed "Rossi Brothers, by Fred Rossi," but that does not change the character of the writing, so that the signature of Rossi Brothers to this paper offered as plaintiff's exhibit 4, did not change its character. It was simply a **memorandum** of the transaction between the parties, and, as before stated, a reading of it readily discloses that it simply states what was purchased and the amount, and complies with the rule relating to that which is termed in law a memorandum.

Attention is directed to 10 R. C. 1., under the title of "Evidence", at page 1024, Sec. 216:

"Memorandum not constituting contracts. Parol evidence is admissible to explain a mere memorandum of a written contract."

And a long list of cases is given to sustain the principle announced in the text. Attention is called also to a case decided perhaps in Jefferson County, or in one of the counties in this district, by Judge Cook. A diligent search failed to discover this case. Perhaps while it is a published decision of the Circuit Court of this district, it may be that the paragraph in mind was in the opinion of the court, and in which the court had occasion to discuss the question at issue here and held that a memorandum of an order made for merchandise is not a written contract, coming within the provisions that written contracts may not be varied by parol testimony. No further information can be given concerning that case, but the principle is correct.

Next it is urged that the court was in error again in permitting this defense to be made since the defense tendered is in substance a general denial of the allegations of the statement of claim in the Municipal Court. It perhaps is a little broader than a general denial, but granting for the sake of argument that it is simply a general denial, was the testimony admissible under that general denial? A case of interest in this connection is Platt v. Scribner, 18 C. C. Old Series, 452. In the third proposition of the syllabus it is held:

"Where the correctness of averments in the petition is disputed, the adverse party claiming a different state of facts not amounting to confession or avoidance or new matter, but which if established would defeat the action, it is not necessary for such adverse party to set out the facts as he claims them to be, but a denial is sufficient."

The same principle is announced in Kneipper v. Richards, et al., 7 C. C. N. S., 581, and likewise in Richcreek vs. O'Donnell, 5 C. C. N. S., 229. See also 21 R. C. L., page 566, which clearly states the rule. Referring again to the former question of the admission of parol testimony relating to this memorandum of sale, attention is also called to Sec. 100 of 1 Williston on Sales, where it is said:

"The parol evidence rule also effects differently a contract in writing from a memorandum in writing. The former is necessarily the only complete statement of the contract and the only evidence in regard to it, but a written memorandum may be shown by parol to be inaccurate or inadequate, and hence not a compliance with the statute."

Therefore, there was no prejudicial error in the admission of the evidence under a general denial in this case.

It is also claimed that the trial court erred in its instructions to the jury. The trial court entertained the view that this was not a written contract of sale but a memorandum in writing, and so charged upon the trial below, and by reason of what has been said and which it is not now necessary to repeat, it follows that there was no prejudicial error in that behalf.

The last assignment for error is misconduct of counsel for the defendant in error during the trial. This was not urged particularly in argument and we find no error in that behalf.

That covers all of the issues raised, and

for the reason given it follows that the judgment must be affirmed, and it is so ordered.

Pollock, and Roberts, JJ, concur.